

# The Attorney General of Texas

June 9, 1978

JOHN L. HILL
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity
Affirmative Action Employer

Honorable Joe S. Gonzalez, Chairman
Polygraph Examiners Board
Suite 218, 11 West Anderson Lane
Executive Office Terrace
Austin, Texas 78752

Opinion No. H- 1180

Re: May the Polygraph Examiners Board accept gifts of money from a private source to supplement its operating budget.

Dear Mr. Gonzalez:

You have asked whether the Texas Association of Polygraph Examiners, whose more than three hundred members are regulated by the State Polygraph Examiners Board, could legally underwrite certain board expenses. You explain that the board is operated on a very limited budget as the result of a provision in the Polygraph Examiners Act, V.T.C.S. article 4413(29cc), which reads:

> All fees collected under the provisions of this Act shall be paid to the Treasurer of the State of Texas. Funds necessary for the enforcement of this Act and the administration of its provisions shall be appropriated by the Legislature, but the funds so appropriated for a biennium shall not exceed the total amount of the fees which it is anticipated will be collected hereunder during such biennium.

V.T.C.S. art. 4413(29cc), § 6(c).

It has been suggested that the private association might pay (1) the expenses of updating and printing a booklet of the board's regulations to be furnished the members of the association, (2) the cost of rooms necessary for the board to conduct intern examinations and board meetings, (3) the cost of room accommodations for board members during the semi-annual meetings of the association — in conjunction with which intern examinations are usually conducted, and (4) all or part of the salary and expenses of the Systems Administrator for the board.

So far as we have been able to determine, the Polygraph Examiners Board has not been given authority by the Legislature to accept or use gifts from private sources. Legislative authorization for the acceptance of gifts is necessary. Attorney General Opinion O-4681 (1942). See 81A C.J.S., States § 145 at 590.

The Legislature has explicitly allowed some agencies and institutions to accept gifts, such as the Commission for the Deaf [V.T.C.S. article 4413(42)]; the Commission on Services to Children and Youth [V.T.C.S. article 4413(43)]; and the Governor's Commission on Physical Fitness [V.T.C.S. article 4413(44)]. For other examples, see article 46c-6, V.T.C.S. (Aeronautics Commission), article 3207a, V.T.C.S. (Commission for the Blind), article 4477-30, V.T.C.S. (Hemophilia Assistance Program), article 4590f, V.T.C.S. (State Radiation Control Agency), article 42.121, Code Crim. Proc. (Adult Probation Commission). However, there is no similar legislation which expressly extends such authority to the Polygraph Examiners Board; nor do we think such power in the board is implied by the Polygraph Examiners Act, which specifically restricts the amount to be appropriated for its administration to the anticipated amount of fees collected under it.

Although the current general appropriations act contains a provision that "All bequests and gifts of money to State agencies named in this Act are hereby appropriated to the agency designated by the grantor and for such purposes as the grantor may specify," Acts 1977, 65th Legislature, chapter 872, at 3155, that provision does not itself authorize agencies to accept gifts; it merely appropriates those gifts accepted by agencies already authorized by general law to accept them. General legislation is required. Attorney General Opinions R-2680 (1951), O-4681 (1942). Cf. Attorney General Opinions H-757 (1976), C-563 (1965).

We are led to conclude that the board may not legally permit the private association to underwrite its expenses. This disposition of the matter makes it unnecessary to discuss other possible legal objections to the arrangement. See Attorney General Opinion H-79 (1973); Penal Code § 36.08.

### SUMMARY

The Texas Board of Polygraph Examiners is not authorized to accept gifts from the Texas Association of Polygraph Examiners, a private organization composed of members subject to regulation by the board.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jsn